```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON

TIMOTHY R. DE ROSSETTE,         )
and as next of kin of           )
KELLIE DE ROSSETTE,             )
a minor,                        ) Civil Action No. 5:05-CV-272-JMH
                                )
      Plaintiffs,               )
                                )
                                ) MEMORANDUM OPINION AND ORDER
v.                              )
                                )
CITY OF NICHOLASVILLE, and,     )
OFFICER HOWARD CURTIS,          )
individually and in his         )
official capacity               )
                                )
      Defendants.               )
                                )
                                )

                    **    **    **    **    **
```

This matter is before the Court on the defendant City of Nicholasville's motion to place the case in abatement [Record No. 3], to which no response was filed. Also before the Court is the plaintiffs' motion to remand [Record No. 4]. The defendants responded [Record No. 5], but the plaintiffs did not reply. The time for response and reply has passed and both motions are ripe for review.

### Background

On June 14, 2005, the plaintiffs, Timothy R. De Rossette ("De Rossette") and his daughter Kellie De Rossette, filed a complaint against the City of Nicholasville ("the City") and Officer Howard Curtis ("Officer Curtis") in state court that was removed to this Court on June 30, 2005. The allegations in the complaint arise

from the arrest of De Rossette on June 14, 2005, by Officer Curtis. The complaint alleges that De Rossette was arrested for failure to give right of way to emergency vehicle, failure to provide proof of insurance, and driving while under the influence of alcohol and/or drugs. The complaint alleges claims arising from the arrest for: 1) false arrest/ imprisonment, 2) outrage, 3) due process violations, and 4) that the arrest was without probable cause. The arrest took place in front of De Rossette's minor daughter Kellie, who seeks damages by and through her father from the arrest. The complaint alleges that the City is vicariously liable for the actions of Officer Curtis.

Since December 2004, Officer Curtis has been serving a tour of duty in Iraq. The City was served with a summons, but Officer Curtis has not been served because of his presence in Iraq. After removing to this Court, the City moved for an order of abatement of the action until Officer Curtis returns from active duty. The plaintiffs did not respond, but instead filed a motion to remand the matter to state court.

## Motion to Remand

The defendant removed the above-captioned matter to this Court from Jessamine Circuit Court on June 30, 2005, based on federal question jurisdiction and supplemental jurisdiction. The plaintiffs' motion to remand states that removal was improper because the complaint does not state any actions arising under

2

federal law.

Removal is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The defendants assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 which states that the Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

According to the well-pleaded complaint rule, the face of plaintiffs' complaint must arise under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Plaintiffs' cause of action arises under federal law if "federal law creates the cause of action", *Id.* at 27-28, or, if the action is a state claim, "when Congress expressly so provides, . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Count One of the plaintiffs' complaint asserts claims for arrest without probable cause and false imprisonment, but does not state whether these claims arise under federal or state law. Count Three appears to allege a claim for outrage based on state law.

Counts Two and Four, on the other hand, clearly allege claims for violations of federal law. For instance, Count Two alleges that the "said officers actions violated the Plaintiff's civil

rights to equal protection, due process and to be protected against arbitrary acts by the government, i.e. City of Nicholasville by and through its agents and employees, as well as, the Plaintiff's state and *federal constitutional right* not to be arrested without probable cause." (Pl.'s Compl. at 3) (emphasis added). Further, Count Four alleges that the arrest of De Rossette deprived his daughter Kellie of her "civil rights to equal protection, due process and to be protected against arbitrary acts by the government, i.e. City of Nicholasville by and through its agents and employees, as well as, the Plaintiff's state and *federal constitutional right* to not be arrested without probable cause." (*Id*. at 5) (emphasis added).

As the face of the plaintiffs' complaint clearly alleges federal constitutional claims for arrest in violation of the Fourth Amendment of the United States Constitution, the plaintiffs' motion to remand is denied. The Court has supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(a).[1]

### Motion for Abatement

The City moved for the matter to be held in abatement pending the return of Officer Curtis from a tour of duty in Iraq. The City

---

[1] The plaintiffs have not requested severance or remand of the state claims pursuant to the Court's discretion under 28 U.S.C. § 1367(c), so this issue will not be addressed at this time.

argues that Officer Curtis is an indispensable party[2] because all the plaintiffs' allegations in the complaint are based on the arrest of De Rossette by Officer Curtis.  The plaintiffs did not respond to the City's motion for abatement with any objections.

The Court agrees with the City that a stay would be appropriate at this time because all the plaintiffs' allegations against the City are derived from Officer Curtis's actions.  It would be difficult, therefore, for the City to defend the action without Officer Curtis's presence in the case.  In the interest of a speedy resolution of the plaintiffs' case, however, the Court will reassess the stay following the City's filing of a Status Report on November 30, 2005.

## Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That the plaintiffs' motion to remand [Record No. 4] be, and the same hereby is, **DENIED.**

(2) That the defendant City's motion to hold the case in abatement [Record No. 3] be, and the same hereby is, **GRANTED.**

(3) That the matter be, and the same hereby is, **STAYED** pending the return of Officer Curtis from active duty in Iraq or until such time as the Court orders the stay lifted.

(4) That the defendant City be, and the same hereby is,

---

[2] The City uses the term "indispensable party" but does not move for dismissal for failure to join pursuant to Federal Rule of Civil Procedure 19(b).

5

**ORDERED TO SUBMIT A STATUS REPORT** on or before November 30, 2005, as to Officer Curtis's whereabouts, after which time the Court will reassess the stay.

This the 31st day of August, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge